# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### BLUEFIELD DIVISION

| | |
|---|---|
| AVERY D. LEWIS, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 1:07-0348 |
| ) | |
| VANESSA WHITE, Sergeant, ) | |
| Stevens Correctional Center, *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending is Plaintiff's Applications to Proceed Without Prepayment of Fees and Costs (Document No. 2.) Having considered Plaintiff's allegations of fact as set forth in his Complaint in view of applicable law, the undersigned concludes that Plaintiff fails to state a claim for which relief can be granted and therefore respectfully recommends that Plaintiff's Application to Proceed Without Prepayment of Fees be denied and that this matter be dismissed.

## FACTUAL BACKGROUND

On May 29, 2007, Plaintiff, acting *pro se* and formerly incarcerated at Stevens Correctional Center[1], filed his Complaint claiming entitlement to relief pursuant to 42 U.S.C. § 1983.[2] (Document No. 1.) Plaintiff complains that Defendant White used unnecessary and excessive force by spraying him with pepperspray on April 22, 2007, in violation of the Eighth Amendment. Specifically, Plaintiff states as follows:

---

[1] By letter dated November 11, 2007, Plaintiff notified the Court that he had been released from custody and provide his new address of P.O. Box 16, Union, WV 24983.

[2] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

> I was out on the recreational yard when I asked Mrs. White a question. She then told me to get away from her, in which I was at least 8 to 10 feet away from her. I then said it's beautiful out today, she again told me to get away from her. I said I'm not near you. Then she pulled out her pepper spray. I began to walk away. As I was leaving she then sprayed me in the back.

(Document No. 1, p. 4.) Plaintiff seeks monetary damages.

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at . A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint, therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. With these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.

## **ANALYSIS**

"[F]ederal courts must take cognizance of the valid constitutional claims of prison inmates." Turner v. Safley, 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987). 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Thus, Section 1983 provides a "broad remedy for violations of federally protected civil rights." Monell v. Dep't of Social Services, 436 U.S. 658, 685, 98 S.Ct.

2018, 56 L.Ed.2d 611 (1978). Generally speaking, to state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States.

As a general matter, upon incarceration prohibited punishments include those which "involve the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976)(quoting Gregg v. Georgia, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976)). The Eighth Amendment "not only outlaws excessive sentences but also protects inmates from inhumane treatment and conditions while imprisoned." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). In the context of prison officials' use of force upon an inmate, the appropriate inquiry is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Whitley v. Albers, 475 U.S. 312, 320-21, 106 S.Ct. 1078, 1085, 89 L.Ed.2d 251 (1986) (citations omitted); also see Wilkins v. Gaddy, ___ U.S. ___, 130 S.Ct. 1175, 178, 78 USLW 3478 (2010). To establish a violation of the Eighth Amendment in the context of a challenge to prison officials' use of force, an inmate must allege (1) that the prison officials acted with a "sufficiently culpable state of mind" under a subjective standard and (2) "sufficiently serious" conduct under an objective standard. Wilson v. Seiter, 501 U.S. 294, 297-99, 111 S.Ct. 2321, 2323-25, 115 L.Ed.2d 271 (1991).

To establish the subjective component, an inmate must demonstrate that prison officials applied force "maliciously and sadistically for the very purpose of causing harm." Whitley, 475 U.S. at 320-21, 106 S.Ct. at 1085. In determining whether prison officials acted maliciously and sadistically, the following factors must be balanced: (1) "the need for application of force," (2) "the relationship between that need and the amount of force used," (3) "the threat reasonably perceived

3

by the responsible officials," and (4) "any efforts made to temper the severity of a forceful response." Hudson v. McMillian, 503 U.S. 1, 7, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992). Additionally, the absence of serious injury is relevant to the determination of prison officials' culpable intent, but is not dispositive. Id.

To establish the objective component, an inmate must demonstrate more than *de minimis* pain or injury. See Hudson, 503 U.S. at 9, 112 S.Ct. at 1000; Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). The objective component standard is significantly less demanding than required in the context of challenges to conditions of confinement because "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." Hudson, 503 U.S. at 9, 112 S.Ct. at 1000 ("This is true whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury.")

The undersigned finds that it is clear that Plaintiff cannot satisfy the subjective component of the excessive force analysis. Although Plaintiff alleges that he was merely asking Defendant White a question, his actions demonstrate that he twice refused to obey a direct order.[3] First, Plaintiff states that he asked Defendant White a question and she responded by directing Plaintiff to "get away from her." Without moving away, Plaintiff allegedly stated that "it's beautiful out today" and Defendant White again instructed Plaintiff to "get away from her." Again, Plaintiff refused and

---

[3] Plaintiff was charged and convicted of violating Disciplinary Rule 3.09 - Accessory. (Document No. 1, p. 10.) Defendant White's violation report charged Plaintiff with violating the disciplinary rules because "I/M Avery D. Lewis, DOC # 27196, kept distracting me and obstructing my free movement." (*Id.*, p. 11.)

responded that "I'm not near you."[4] It is widely recognized that prison guards may use chemical sprays when reasonably necessary to subdue an insubordinate prisoner because orders must be obeyed, and there are only so many choices available to correctional officers when an inmate refuses. Soto v. Dickey, 744 F.2d 1260 (7th Cir. 1984); see also Jennings v. Mitchell, 93 Fed.Appx. 723 (6th Cir. 2004)(finding no excessive force where inmate was sprayed with chemical spray in response to his repeated refusal to exit the shower as directed by the correctional officer); Canada v. Booth, 2008 WL 1969499 (W.D. Va. May 6, 2008)(finding no excessive force where a correctional officer used pepperspray after inmate refused numerous orders to enter his cell and was warned that O.C. spray would be used if he did not comply with direct orders); Giles v. Kearney, 516 F.Supp.2d 362 (D. Del. Sept. 28, 2007), aff'd, 571 F.3d 318 (3rd Cir. 2009)(finding no excessive force where correctional officer used pepperspray in response to an inmate's defiant and argumentative behavior, as well as his repeated failure to obey orders); Miles v. Murra, 2006 WL 456269 (S.D. Tex. Feb. 23, 2006)(finding no excessive force where inmate was sprayed with pepperspray, put in a choke-hold, pushed, and kneed in the back to restore order after inmate refused officer's order to return to his cell and face the wall); Hicks v. Simpkins, 2006 WL 2303179 (W.D. Va. Aug. 9, 2006)(finding no excessive force where inmate was sprayed with pepperspray after twice disobeying a direct order to return to his cell); Fisher v. Ellegood, 2006 WL 2425421 (M.D. Fla. Aug. 21, 2006), aff'd, 238 Fed.Appx. 428 (11th Cir. 2007)(finding no excessive force where inmates were sprayed with O.C. spray after refusing to follow orders to face the cell wall during a shakedown); and Wright v. Snyder, 2002 WL 1821583 (D. Del. July 8, 2002)(finding no excessive

---

[4] Although Plaintiff alleges that he was sprayed in the back as he began to walk away, Plaintiff admits that he responded that "I'm not near you" prior to complying with Defendant White's direct order.

force where inmate was sprayed with pepperspray after refusing to obey officers' procedural orders to allow them to search his body cavity for contraband). Therefore, the undersigned finds that Defendant White did not act maliciously or sadistically by spraying Plaintiff with pepperspray in response to Plaintiff's repeated refusal to move away from her.

Furthermore, Plaintiff does not allege that he suffered any significant injury as a result of the above incident. The Court finds that any injury suffered by Plaintiff was *de minimis*.[5] Therefore, Plaintiff cannot satisfy the objective component of the excessive force analysis. Plaintiff also fails to allege any facts that establish extraordinary circumstances where a plaintiff can prevail when he suffers only *de minimis* injury. The Court notes that "not 'every malevolent touch by a prison guard gives rise to a federal cause of action.'" Wilkins, 130 S.Ct. at 1178, citing Hudson, 503 U.S. at 9, 112 S.Ct. at 995; See also Whitely, 475 U.S. at 319, 106 S.Ct. at 1086(finding that the infliction of pain in the course of prison security measures does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force applied was unreasonable). Accordingly, Plaintiff fails to allege sufficient facts to establish an Eighth Amendment claim of cruel and unusual punishment.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Applications to Proceed Without Prepayment of Fees and Costs (Document No. 2), **DISMISS** Plaintiff's Complaint (Document No. 1.), and remove this matter from the Court's docket.

---

[5] Plaintiff states that he was sprayed "in the back" with the pepperspray. Plaintiff does not allege any injuries as a result of being sprayed with the pepperspray. (Document No. 1, p. 4.)

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, the parties shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and transmit a copy to counsel of record.

Date: June 8, 2010.

R. Clarke VanDervort
United States Magistrate Judge